IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| LERONE GRAHAM, | ) | |
| | ) | |
| Petitioner, | ) | No. 4:03-cr-00471-CWH-1 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner Lerone Graham's ("Graham") motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, ECF No. 32. The government filed a motion for summary judgment, ECF No. 37. Both Graham and the government's motions are currently stayed. For the reasons set forth below, the court lifts the stay, denies Graham's motion, and grants the government's motion.

## I. BACKGROUND

On July 9, 2003, Graham pleaded guilty to three counts: (1) robbery affecting interstate commerce in violation of the Hobbs Act, 18 U.S.C. § 1951(a); (2) the use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and (3) possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). On December 9, 2003, the court sentenced Graham to total aggregate term of imprisonment of 228 months, followed by five years of supervised release. Graham did not appeal his conviction or sentence.

On June 15, 2016, Graham filed a § 2255 motion pursuant to the Supreme Court's then-recent holding in Johnson v. United States, 135 S. Ct. 2551 (2015). ECF No. 32. On June 23, 2016, the government responded to Graham's motion and filed a motion for

1

summary judgment, ECF Nos. 36–37.  Graham responded to the government's motion on July 1, 2016.  ECF No. 40.  On June 13, 2017, the court stayed this case pending the outcome of United States v. Simms, 914 F.3d 229 (4th Cir. 2019), and United States v. Ali, No. 15-4433 (4th Cir. filed July 10, 2015).  ECF No. 42.  Simms has been decided, and while Ali is still pending, the issue that is relevant here has been resolved.  As such, the court lifts the stay and considers Graham's and the government's motions.

## II.  STANDARD

Pursuant to 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The petitioner must prove the grounds for collateral attack by a preponderance of the evidence.[1]  See King v. United States, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

---

[1] In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  The court has reviewed the record in this case and has determined that a hearing is not necessary.

## III.  DISCUSSION

Graham's motion challenges his § 924(c) conviction and sentence based on the Supreme Court's holding in Johnson that the residual clause of the Armed Career Criminal Act ("ACCA") is void for vagueness.  Section 924(c) contains a residual clause that is similar to the ACCA's residual clause.  Although Graham's motion was based on an extrapolation of the new law announced in Johnson, the Supreme Court has since ruled definitively on the constitutionality of § 924(c)'s residual clause in United States v. Davis, 139 S. Ct. 2319 (2019).  In Davis, the Supreme Court announced a newly recognized right by finding § 924(c)'s residual clause to be unconstitutionally vague.  139 S. Ct. at 2336.  Neither the Supreme Court nor the Fourth Circuit has determined whether Davis has retroactive effect.  However, the Fifth, Tenth, and Eleventh Circuits have all determined that Davis established a new substantive rule that should be applied retroactively.  See United States v. Reece, 2019 WL 4252238, at *4 (5th Cir. Sept. 9, 2019); United States v. Bowen, 2019 WL 4146452, at *4 (10th Cir. Sept. 3, 2019); In re Hammoud, 931 F.3d 1032, 1039 (11th Cir. 2019).  The court agrees with the reasoning of these courts and gives Davis retroactive effect.

However, even in light of Davis, the court denies Graham's motion because his § 924(c) conviction and sentence are still valid based on the force clause.  Pursuant to § 924(c), it is illegal for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States" to "use[ ] or carr[y] a firearm, or who, in furtherance of any such crime, possess[ ] a firearm."  18 U.S.C. § 924(c).  The statute defines "crime of violence" as

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

>    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id.  The Davis Court found the residual clause, subsection B, to be void for vagueness; however, the force clause, subsection A, remains intact.  As such, § 924(c) convictions based on an underlying crime of violence that fits within the force clause's definition are still valid.  The crime of violence upon which Graham's § 924(c) conviction is based is his conviction for Hobbs Act robbery.  Graham argues that Hobbs Act robbery is not a crime of violence because the residual clause is void for vagueness and because Hobbs Act robbery does not qualify as a crime of violence under the force clause.  While the residual clause is void for vagueness, the second half of Graham's argument fails because the Fourth Circuit has recently held that Hobbs Act robbery does constitute a crime of violence under the force clause.  United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) ("[W]e conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c).").  Therefore, Graham's § 924(c) conviction is still valid, and neither Johnson nor Davis offer Graham any relief.

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003).  Here, Graham does not

meet this standard because there is nothing debatable about the court's resolution of his § 2255 petition.

## IV.  CONCLUSION

For the foregoing reasons, the court **DENIES** Graham's motion and **GRANTS** the government's motion.  A certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

						_____
						**DAVID C. NORTON**
						**UNITED STATES DISTRICT JUDGE**

**March 13, 2020**
**Charleston, South Carolina**